# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **CRIMINAL NO. 2:25cr25** |
| ) | |
| **ARTHUR J. CHERRY,** ) | |
| ) | |
| **Defendant.** ) | |

## UNITED STATES' MOTION *IN LIMINE*
## TO ADMIT CERTAIN BUSINESS RECORDS

The United States of America, by and through Erik Siebert, United States Attorney, and Joseph DePadilla, Assistant United States Attorney, and Graham Stolle, Special Assistant United States Attorney, hereby moves *in limine* on the admission of business records that have been certified in accordance with Federal Rules of Evidence 902(11) and 902(13). The form complying with 902(11) and 902(13) is attached as Exhibit Two.

### FACTUAL BACKGROUND

On February 14, 2025, defendant ARTHUR J. CHERRY (CHERRY) was arrested for one Count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g) (Count 1). On March 5, 2025, a grand jury returned an indictment charging the defendant with one Count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g) (Count 1) and one Court of Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g) (Count 2).

Count 2 of the indictment pertains to an investigation performed by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) which included cell site (cellular tower location) analysis.

In the investigation of this case the ATF identified business records from T-Mobile US, Inc., (T-Mobile), that are admissible under Federal Rule of Evidence 803(6). *See* Exhibit One

(CD). Specifically, the records are for telephone number (757) 359-7524. The T-Mobile records and the resulting cell site analysis have been made available to the defense. In addition to the records themselves, the government has obtained a certification form showing compliance with Federal Rules of Evidence 902(11) and 902(13). *See* Ex. 2.

## AUTHENTICITY

Under Federal Rule of Evidence 902(11), an original or a copy of a certificate complying with the rule is self-authenticating and requires no extrinsic evidence of authenticity if it meets the requirements of Rule 803(6)(A)-(C) "by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court."

Similarly, under Federal Rule of Evidence 902(13), "a record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11)" is also self-authenticating, requiring no extrinsic evidence of authenticity to be admitted.

The government has previously given the defense copies of the records, the certification citing compliance with both 902(11) and 902(13), and written notice of the intent to offer such records.

## HEARSAY

The government intends to introduce these are business records obtained from T-Mobile. Federal Rule of Evidence 803(6) provides that

> [a] record of an act, event, condition, opinion, or diagnosis" is not excluded by the general rule against hearsay if:
>
> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;

>   (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
>   (C) making the record was a regular practice of that activity;
>
>   (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
>   (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

As noted above, the government has obtained a certification form complying with Federal Rule of Evidence 902(11) that states the essential elements of Rule 803(6). T-Mobile is a reputable business organization that provides services to individuals and businesses. Accordingly, there are no circumstances that suggest that the records are not trustworthy. In addition, the admission of such records poses no Confrontation Clause problems. *See United States v. Mallory*, 461 F. App'x 352, 356-57 (4th Cir. 2012) (citing *Melendez–Diaz v. Massachusetts*, 557 U.S. 305 (2009).) To the government's knowledge, the defense has not offered any reason to doubt the trustworthiness about the source of information or the method or circumstances of preparation. In 2014, this Rule was amended to clarify that the burden is on the opponent to show lack of trustworthiness. Under Rule 803(6), therefore, the records should be admitted without the need for live witness testimony from the custodian of records to authenticate the records. The admissibility of such records would, of course, be subject to any right to object to such evidence under Rule 401 and Rule 403 of the Federal Rules of Evidence.

## CONSULTATION WITH DEFENDANT'S COUNSEL

We have consulted with the defendant's attorney, who has not agreed to stipulate to the admission of these business records.

## CONCLUSION

For the reasons stated above, the United States requests that the Court make a preliminary ruling that the business records from T-Mobile, that have been certified in accordance with Federal Rule of Evidence 902(11) and 902(13), be admitted for trial without the need for presenting live testimony of a business representative to authenticate the records. The United States recognizes that the records would be subject to any potential objections under other applicable evidentiary rules such as Rule 401 and Rule 403 of the Federal Rules of Evidence.

Respectfully submitted by:

ERIK S. SIEBERT
UNITED STATES ATTORNEY

By:     /s/
Graham Stolle
Joseph DePadilla
Attorneys for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address – graham.stolle2@usdoj.gov
Joe.depadilla@usdoj.gov

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 27th day of June 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Mario Lorello, Esq.
Zoby & Broccoletti P.C.
6663 Stoney Point S
Norfolk, VA 23502

                                                     /s/
                                        Graham Stolle
                                        Special Assistant United States Attorney
                                        Attorney for the United States
                                        United States Attorney's Office
                                        101 West Main Street, Suite 8000
                                        Norfolk, VA 23510
                                        Phone: 757-441-6331
                                        Fax: 757-441-6689
                                        E-mail: graham.stolle2@usdoj.gov